**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Seymour Levine,<br><br>        Plaintiff<br><br>    v.<br><br>The Boeing Company,<br><br>        Defendant | Civil Action No. 1:14-cv-07587<br><br>Hon. Sara L. Ellis |

**PLAINTIFF SEYMOUR LEVINE'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF COURT'S ORDER RE DISCOVERY**

**I.    INTRODUCTION**

Although the Court's attached Minute Order does not stay discovery, defendant Boeing is taking the position that, as a result of an *ex parte* request it made of the Court, discovery is stayed until March and that Boeing is relieved of its obligation to produce technical documents and prior art under Local Patent Rule ("LPR") 2.1 and serve its initial non-infringement, unenforceability and invalidity contentions as alleged in its Answer under LPR 2.3. Plaintiff Seymour Levine ("Levine") respectfully requests the Court clarify its prior statement regarding discovery, state whether it also intended to suspend the parties' compliance with the Local Patent Rules until next March and, if it has stayed discovery in response to Boeing's *ex parte* request, that the Court reconsider that decision.

As the Court may have itself concluded when it did not include the requested discovery stay into its written order, fact discovery will be needed whether this case remains in this district or is transferred to the Western District of Washington, so any stay of discovery will serve only to delay the resolution of this case. Mr. Levine filed this case because of the early disclosure requirements of the Local Patent Rules and other provisions in the Local Patent Rules. Patentee

Seymour Levine is 80 years old and his patent will expire within 3 years. Because of his age and the upcoming expiration of his patent, Mr. Levine will be greatly prejudiced if discovery in his case is stayed until next March.

As this Court has previously noted, discovery stays are not favored in this district. *See Davis v. Coopers & Lybrand*, 1991 WL 211288 (N.D.Ill., Oct. 11, 1991)("this Court rejected that motion to stay [discovery] in an oral ruling, for there was no reason to delay any discovery that would inevitably have been required in whatever court the action would proceed."). *See also Cloverleaf Golf Course, Inc. v. FMC Corp.*, Case No. 11–cv–190–DRH, 2011 WL 2838178 at *2 (S.D.Ill., July 15, 2011), ("a stay of discovery is generally only appropriate when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing.") No such dispositive issue is before the Court on Boeing's transfer motion. *See also, Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 (D.Nev. 2013) ("The Court is not persuaded that a Section 1404(a) motion is a proper basis for a stay of discovery.)

Despite Boeing's claim that it obtained an *ex parte* order staying all discovery and the Local Patent Rules of the Northern District of Illinois, the Court's November 18, 2014 Minute Order does not order a stay in discovery or alleviate the parties' obligations under LPR 2.1-2.5 to exchange initial disclosures and initial contentions. At the November 18, 2014 hearing, however, Boeing's counsel *ex parte* requested a stay of discovery, and because Boeing had misled Mr. Levine's counsel into believing there would be no hearing, Mr. Levine was unable to respond. The Court did therefore state that it was staying discovery, but said nothing about initial disclosures or initial contentions. As stated in the concurrently filed declaration, Mr. Levine's counsel did not know a discovery stay would be sought and did not believe there would be a hearing because Boeing's counsel told Mr. Levine's counsel that local counsel would call

the Court to notify it of the agreed upon schedule for the transfer motion thereby obviating the need for a hearing. Nevertheless, Mr. Levine would have opposed any stay in the enforcement of the Local Patent Rules of the Northern District of Illinois or of discovery and hereby moves the Court to clarify any such order and to lift any such stay so that fact discovery can continue while the Court considers the pending motion to transfer this case away from Boeing's headquarters in this District.[1]

The parties met and conferred by telephone on November 24, 2014, to discuss the substance of this motion. Boeing indicated that it will oppose this motion.

## II. FACTS

Mr. Levine filed his complaint in this case on September 29, 2014. Dkt. No. 1. Mr. Levine chose the Northern District of Illinois because it is the location of Boeing's corporate headquarters and because he believed the District's Local Patent Rules would permit him to get a fairer trial than he would obtain in a district where cases are frequently bifurcated and merits discovery stayed pending claim interpretation.

On October 31, 2014, counsel for Mr. Levine and Boeing conferred by telephone pursuant to Fed.R.Civ.P. 26(f). During that call the parties discussed, among other things, the outline of discovery in this case and agreed that, pursuant to the Court's order granting the parties a 30-day extension for initial disclosures, Dkt. No. 23, the parties would exchange their LPR 2.1 initial disclosures on December 12, 2014, and that fact discovery would begin on that

---

[1] In support of its motion to transfer, Boeing submitted the declaration of John B. Maggiore, the Director of Fleet and Maintenance Solutions at Boeing's Commercial Aviation Services division. Boeing has refused to permit Mr. Levine to depose Mr. Maggiore in order to test the assertions made in his declaration. Mr. Levine believes that he is entitled to depose Mr. Maggiore before responding to Boeing's transfer motion.

date.  Mr. Levine's counsel sent Boeing's counsel a draft joint report based on this discussion on November 7, 2014.  Declaration of Amar. L. Thakur  ("Thakur Decl.") Ex. A.

On November 11, 2014, defendant Boeing filed a motion to transfer this case to the Western District of Washington.  Dkt. No. 24.  That motion made no request to stay discovery much less to suspend the Local Patent Rules.  Boeing's counsel called Mr. Levine's counsel that same day to discuss a briefing schedule for the motion explaining that once we agreed upon the dates, local counsel would call the Court. Thakur Decl. ¶ 3.  The negotiations continued over several calls.  The parties reached agreement on the briefing schedule on November 17, 2014, after which Boeing's counsel stated that he would ask his local counsel to call Levine's local counsel so they could call the Court together to inform it of these dates.  Boeing's local counsel never called Levine's local counsel. *Id*. at ¶ 6.

On November 18, 2014 the Court held a presentment hearing at which it adopted the proposed briefing schedule, set a status hearing for March 3, 2015, to rule on the transfer motion and struck the November 25, 2014 status hearing.  Dkt. No. 26.  In response to an *ex parte* request from Boeing's counsel that discovery be stayed, the Court also indicated that discovery may be stayed, although that is not reflected in the Court's later Order.  The Court did not mention any stay of the Local Patent Rules much less initial disclosures or contentions of which Boeing contends it is now relieved.  Thakur Decl. Ex. E at 3.  Mr. Levine's counsel did not appear at the hearing to oppose the stay but no such motion for a discovery stay was noticed and because they had been told that Boeing's local counsel would call Levine's local counsel so they could communicate the proposed schedule to the Court over the phone, thereby obviating the need for a hearing.  Thakur Decl. ¶ 6.

Because the Court struck the November 25, 2014 status conference, the parties agreed it was not necessary to file the joint report.

### III. ARGUMENT

Under the local Patent Rules, parties "shall exchange their initial disclosures . . . within fourteen (14) days after the defendant files its answer." LPR 2.1[2] and "[f]act discovery shall commence upon the date for the Initial Disclosures under LPR 2.1." LPR 1.3. The parties agreed that this date would control in this case, even while the transfer motion was pending. In fact, to the extent Boeing had expressed any interest in a stay, it was to be only after initial disclosures and contentions were exchanged. Thakur Decl. ¶5; Ex. C. Mr. Levine's counsel has consistently objected to any stay because the outcome of the transfer motion will have no bearing on the scope of discovery that will be required in this case. Thakur Decl. ¶5; Ex. D.

Although "Rule 26 gives the Court authority to stay discovery, this authority must be exercised so as to 'secure the just, speedy and inexpensive determination of every action.' Where the Court finds that a stay of discovery is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere. . . . Although stays on discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill." *New England Carpenters Health and Welfare Fund v. Abbott Laboratories*, Case No. 12 C 1662, 2013 WL 690613 (ND.Ill Feb. 20, 2013) (*quoting* Fed.R.Civ.P. 1; other internal quotations omitted); *Cloverleaf Golf Course, Inc. v. FMC Corp.*, Case No. 11–cv–190–DRH, 2011 WL 2838178 at *2 (S.D.Ill., July 15, 2011) ("Although "[d]istrict courts have extremely broad discretion in controlling discovery . . . a stay of discovery is generally only appropriate when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's

---

[2] The Court extended this deadline by 30 days in response to Boeing's unopposed motion, moving that date to December 12, 2014. Dkt. No. 23.

standing." citing *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988). *See also*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 (D.Nev. 2013) ("The Court is not persuaded that a Section 1404(a) motion is a proper basis for a stay of discovery . . . . The granting of a Section 1404(a) motion to transfer does not result in the dismissal of claims, but rather merely transfers a case to another court for further proceedings. Hence, the outcome of a Section 1404(a) motion does not impact the ultimate need to conduct discovery."). No dispositive issues are before the Court on Boeing's transfer motion and any stay in discovery will only serve to "bring resolution of the dispute to a standstill."

Contrary to Boeing's *ex parte* argument at the presentment hearing, Boeing's transfer motion is not a "threshold venue motion." Thakur Decl. Ex. E at 2-3. Boeing admits that venue is proper in this district. Dkt. No. 24 at 8. The only question before the Court is whether, in its discretion, it believes that "[f]or the convenience of parties and witnesses, [and] in the interest of justice" this case should be transferred away from Boeing's headquarters in this District to the Western District of Washington. 28 U.S.C. §1404(a). The Court is able to and should oversee discovery in this case while it considers the merits of the transfer motion.

Because the same discovery that would be conducted now will need to be conducted wherever this case proceeds, staying discovery at this juncture does not save judicial resources, it only adds months to the pendency of this case. *See Davis v. Coopers & Lybrand*, 1991 WL 211288 (N.D.Ill., Oct. 11, 1991)("this Court rejected that motion to stay [discovery] in an oral ruling, for there was no reason to delay any discovery that would inevitably have been required in whatever court the action would proceed.").

Mr. Levine anticipates that Boeing will ultimately produce a large quantity of documents and source code in this case. Those documents will take time to collect and prepare for

production, but if discovery is stayed, Boeing will have no incentive to start that process. Instead, it will wait until discovery is reopen, which could be several months if this case is transferred, and then Boeing will take as much time as it thinks it can get away with. At the end of the day Boeing will be obligated to produce the same documents then as it would be obligated to produce now, but will have the benefit of months of delay.

## IV. CONCLUSION

Mr. Levine is 80 years old and his patent will soon expire. He may therefore be prejudiced by any delay. Regardless of whether the Court ultimately decides to transfer this case, the possibility of transfer should not put every other aspect of the case on hold. For the above-stated reasons, the Court should not suspend the Local Patent Rules and should permit discovery in the case, including the exchange of initial disclosures and contentions under the Local Patent Rules, if, indeed, the Court had intended to stay discovery in this case. If the Court nevertheless decides to suspend discovery, *cf. Davis v. Coopers & Lybrand*, 1991 WL 211288 (N.D.Ill., Oct. 11, 1991), Mr. Levine submits that the exchanges under the Local Patent Rules should nevertheless go forward.

Date: November 26, 2014

/s/ *Bruce R. Zisser*
David A. Nelson
QUINN EMANUEL URQUHART & SULLIVAN LLP
500 West Madison St., Suite 2450
Chicago, IL 60661
Phone: (312) 463-2965

Frederick A. Lorig
Amar L. Thakur
Bruce R. Zisser
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street. 10th Floor
Los Angeles, CA 90017

*Attorneys for Plaintiff Seymour Levine*

## **CERTIFICATE OF SERVICE**

    I, Bruce R. Zisser, hereby certify that on November 26, 2014, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Illinois by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

                                                                         */s/ Bruce R. Zisser*